IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WESLEY S. WASHINGTON,

    Petitioner,                   No. CIV S-11-0438 GEB EFB P

    vs.

VINCENT S. CULLEN, Warden,

    Respondent.                FINDINGS AND RECOMMENDATIONS

_____/

    Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. Currently pending before the court is respondents' motion to dismiss this action on the grounds that the petition is second or successive and is untimely. *See* 28 U.S.C. § 2244(b). Petitioner opposes the motion. As explained below, the petition is second or successive, and this court lacks jurisdiction to consider it. Respondents' motion to dismiss should be granted.

    A petition is second or successive if it makes "claims contesting the same custody imposed by the same judgment of a state court" that the petitioner previously challenged, and on which the federal court issued a decision on the merits. *Burton v. Stewart*, 549 U.S. 147 (2007*)*; *see also Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000). Before filing a second or successive petition in a district court, a petitioner must obtain from the appellate court "an order authorizing

1

the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).  Without an order from the appellate court, the district court is without jurisdiction to consider a second or successive petition.  *See Burton*, 549 U.S. 147.

The petition in this case challenges the April 17, 1997 judgment of the Sacramento County Superior Court, which sentenced petitioner to twenty-five years to life plus three years for the possession of a dirk and dagger.  Dckt. No. 1 at 1.  In 2001, petitioner filed a habeas petition challenging the same conviction and sentence.  *See Washington v. Butler*, 2:01-cv-2397 JAM KJM (challenging petitioner's "Sacramento County Superior Court conviction for carrying a concealed dagger and his 'three strikes' sentence of twenty-five-years-to-life.'").[1]  On March 8, 2005, a magistrate judge of this court issued findings and recommendations considering the claims on the merits and recommending that the petition be denied.  *Id.*, Dckt. No. 13 at 1-11.  On August 23, 2005, a district judge adopted the findings and recommendations in full and denied the petition on the merits.  *Id.*, Dckt. No. 15.  Judgment was entered and the district judge declined to issue a certificate of appealability.  *Id.*, Dckt. No. 16, 22.

In his opposition to respondents' motion, petitioner does not assert that he was not the petitioner in *Washington v. Butler*, 2:01-cv-2397 JAM KJM.  Neither does he assert that the current petition challenges a different judgment.  For these reasons, the court finds that in both petitions petitioner challenges the judgment of conviction for which he currently is serving a sentence of imprisonment. Thus, the petition in this action is second or successive.  Petitioner makes no showing that he has obtained an order from the appellate court authorizing this court to consider the instant petition.  Consequently, this court lacks jurisdiction over the petition and respondents' motion to dismiss should be granted.

////

////

---

[1] A court may take judicial notice of its own records in other cases.  *United States v. Wilson*, 631 F.2d 118, 119-20 (9th Cir. 1980).

2

Accordingly, it is hereby RECOMMENDED that:

1. Respondents' May 2, 2011 motion to dismiss be granted; and

2. This action be dismissed on the ground that the petition is second or successive and petitioner has not demonstrated that the Ninth Circuit has granted him leave to file it in this court.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated: December 13, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE